UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERMAN MANSON, : | |
|     Plaintiff, : | |
| : | CASE NO. 3:11-cv-1483 (VLB) |
| v. : | |
| : | April 17, 2012 |
| COMMISSIONER ARNONE, et al., : | |
|     Defendants. : | |

## INITIAL REVIEW AND ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He seeks damages and a transfer to another correctional facility. The defendants are Mental Health Social Worker Frank, Correctional Officer Capega, Lieutenant Morris, Director Milling, Director Dr. Ducate, John Doe Hearing Officer and John Doe District Administrator.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are

based and to demonstrate a right to relief.  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  But "'[a] document filed <u>pro se</u> is to be liberally construed and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 214 (2d Cir. 2008) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

   The plaintiff alleges that, on May 4, 2010, he was told that he was being transferred.  While in the holding cell at Garner Correctional Institution, he told an officer that he was feeling suicidal and asked to see a Mental Health staff member.  Defendant Frank responded to the call.  Defendant Frank told the plaintiff that she would return, but she did not.  When defendant Capega arrived to transport him, the plaintiff stated that he could not leave and asked to see the psychiatrist.  Defendant Morris was called.  He put the plaintiff in the transportation van.  The plaintiff began banging his head on the side of the van.  Defendant Morris removed the plaintiff from the van and called defendant Frank.  After speaking to defendant Frank, defendant Morris told the plaintiff that he would be transferred or go to segregation.

   While the plaintiff was being transported, he started hearing voices telling him to hurt himself.  The plaintiff began hitting his head on the cage and kicking the van door.  He said that he was going to kill himself and wanted to see a

doctor.  The plaintiff was taken to New Haven Correctional Center where he was sen by a captain, a lieutenant, a nurse, a mental health worker and state police officer.  He was charged with criminal mischief and given a disciplinary report for attempted escape.  The plaintiff was placed on suicide watch.  The following day, the plaintiff saw a doctor who told him that correctional staff was pressuring him to release the plaintiff.  Shortly thereafter, the plaintiff was transported to Northern Correctional Institution.  The plaintiff was told that his transfer was ordered by defendants Milling and Ducate.

When he arrived at Northern Correctional Institution, the plaintiff was seen by Dr. Ganer.  Although the plaintiff stated that he was suicidal, the doctor told him that he was fine.  When the plaintiff returned to his cell, he attempted to hang himself.

The court concludes that the complaint should be served on the named defendants in their individual and official capacities.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)    The Pro Se Prisoner Litigation Office shall verify the current work addresses for each defendant, Frank, Capega, Morris, Milling and Ducate with the Department of Correction Office of Legal Affairs and mail them waiver of service of process request packets within fourteen (14) days of this Order.  The Pro Se

Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The Pro Se Prisoner Litigation Office shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the amended complaint on defendants Frank, Capega, Morris, Milling and Ducate in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within fourteen (14) days from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(3) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and

all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) The court cannot effect service on defendants John Doe Hearing Officer and John Doe District Administrator without their full names and current work addresses. The plaintiff is directed to file an amended complaint identifying these two defendants. The plaintiff shall file the amended complaint within twenty (20) days from the date of this Order. Failure to timely file the amended complaint will result in the dismissal of all clams against the John Doe defendants.

                                                IT IS SO ORDERED.

                                                _____/s/_____
                                                Vanessa L. Bryant
                                                United States District Judge

Dated at Hartford, Connecticut:   April 17, 2012.